1   Amy B. Vandeveld, SBN 137904
    LAW OFFICES OF AMY B. VANDEVELD
2   1850 Fifth Avenue, Suite 22
    San Diego, California  92101
3   Telephone:   (619) 231-8883
    Facsimile:   (619) 231-8329
4
    Attorney for Plaintiff

FILED

07 DEC 20 PM 4:23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10  KAREL SPIKES,                        | Case No.:

11              Plaintiff,               | '07 CV 2395 LAB AJB

12  vs.                                  | CIVIL COMPLAINT

13  THE AUTO CENTER; CARLTON SELL, LLC   | DEMAND FOR JURY TRIAL
    and DOES 1 THROUGH 10, Inclusive,    | [F.R.C.P. §38(b);
14                                       | Local Rule 38.1]
15              Defendants.

16      Plaintiff, KAREL SPIKES (hereinafter referred to as

17  "Plaintiff"), file this cause of action against Defendants THE

18  AUTO CENTER, CARLTON SELL, LLC and DOES 1 THROUGH 10, Inclusive,

19  and would show unto the Court the following:

20                              I.

21                  JURISDICTION AND VENUE

22      1.   This Court has original jurisdiction of this civil

23  action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and

24  1343(a)(4) for claims arising under the Americans with

25  Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's

26  supplemental jurisdiction, 28 USC §1367.

27      2.   Venue in this Court is proper pursuant to 28 USC

28

1 §§1391(b) and (c).

2     3.   Pursuant to 28 USC §1367(a), Plaintiff shall assert

3 all causes of action based on state law, as plead in this

4 complaint, under the supplemental jurisdiction of the federal

5 court.  All the causes of action based on federal law and those

6 based on state law, as herein stated, arose from a common nuclei

7 of operative fact.  That is, Plaintiff was denied equal access

8 to Defendants' facilities, goods, and/or services in violation

9 of both federal and state laws and/or was injured due to

10 violations of federal and state access laws.  The state actions

11 of Plaintiff are so related to the federal actions that they

12 form part of the same case or controversy.  The actions would

13 ordinarily be expected to be tried in one judicial proceeding.

14 **II.**

15 **THE PARTIES**

16     4.   Defendant THE AUTO CENTER is, and at all times

17 mentioned herein was, a business or corporation or franchise

18 organized and existing and/or doing business under the laws of

19 the State of California.  THE AUTO CENTER is located at 8203

20 University Avenue, La Mesa, CA (hereinafter "the subject

21 property".)  Plaintiff is informed and believes and thereon

22 alleges that Defendant THE AUTO CENTER is, and at all times

23 mentioned herein was, the owner, lessor or lessee of the subject

24 property and/or the owner and/or operator of the public

25 accommodation located at the subject property.

26     5.   Defendant CARLTON SELL, LLC is, and at all times

27 mentioned herein was, a business or corporation or franchise

28 organized and existing in and/or doing business under the laws of

2

1  the State of California.  Plaintiff is informed and believes and
2  thereon alleges that Defendant CARLTON SELL, LLC is, and at all
3  times mentioned herein was, the owner, lessor or lessee of the
4  subject property.

5      6.    Plaintiff is informed and believes, and thereon
6  alleges, that Defendants and each of them herein were, at all
7  times relevant to the action, the owners, franchisees, lessees,
8  general partners, limited partners, agents, employees,
9  employers, representing partners, subsidiaries, parent
10 companies, joint venturers and/or divisions of the remaining
11 Defendants and were acting within the course and scope of that
12 relationship.  Plaintiff is further informed and believes, and
13 thereon alleges, that each of the Defendants herein gave
14 consent to, ratified, and/or authorized the acts alleged herein
15 of each of the remaining Defendants.

16     7.    Plaintiff is an otherwise qualified disabled
17 individual as provided in the Americans with Disabilities Act
18 of 1990, 42 USC §12102, Part 5.5 of the California Health &
19 Safety Code and the California Unruh Civil Rights Act, §§51, et
20 seq., 52, et seq., the California Disabled Persons Act, §§54,
21 et seq., and other statutory measures which refer to the
22 protection of the rights of "physically disabled persons."
23 Plaintiff visited the public accommodation owned and/or
24 operated by Defendants and/or located at the subject property
25 for the purpose of availing himself of the goods, services,
26 facilities, privileges, advantages, or accommodations operated
27 and/or owned by Defendants and/or located on the subject
28 property.

1    8.    Plaintiff is informed and believes and thereon alleges

2 that the subject facility has been newly constructed and/or

3 underwent remodeling, repairs, or alterations since 1971, and

4 that Defendants have failed to comply with California access

5 standards which applied at the time of each such new

6 construction and/or alteration.

7                                    III.

8                                  **FACTS**

9    9.    Plaintiff has a mobility impairment and uses a

10 wheelchair.  Moreover, he has had a history of or has been

11 classified as having a physical impairment, as required by 42

12 USC §12102(2)(A).

13    10.    On or about July 11, 2007 and continuing through the

14 present date, Plaintiff was denied full and equal access to the

15 facilities owned and/or operated by the Defendants because the

16 facility and/or subject property were inaccessible to members

17 of the disabled community who use wheelchairs for mobility.

18 Plaintiff was denied full and equal access to portions of the

19 property because of barriers which included, but are not

20 limited to, inaccessible path of travel, inaccessible cashier

21 counter, inaccessible restroom facilities and lack of

22 accessible parking space, as well as, lack of signage for said

23 space.  Plaintiff was also denied full and equal access because

24 of discriminatory policies and practices regarding

25 accommodating people with disabilities.  Plaintiff filed this

26 lawsuit to compel compliance with access laws and regulations.

27    11.    As a result of Defendants' failure to remove

28 architectural barriers, Plaintiff suffered injuries.  People

1  with disabilities, because of the existing barriers, are denied
2  full and equal access to the Defendants' facilities.  The ADA
3  has been in effect for more than 16 years.  Given the vast
4  availability of information about ADA obligations, including
5  FREE documents which are available from the U.S. Department of
6  Justice by calling (800) 514-0301 or at the following web
7  sites: **www.sba.gov/ada/smbusgd.pdf**, **www.ada.gov/taxpack.pdf** and
8  **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with
9  their barrier removal obligations is contemptible.

10      12.  Plaintiff is an otherwise qualified individual as
11  provided in the Americans with Disabilities Act or 1990, 42 USC
12  §12102, the Rehabilitation Act of 1973, Section 504 (as amended
13  29 USC §794) and the California Unruh Civil Rights Act, Civil
14  Code §§51, 52, 54.1, and 54.3, and other statutory measures
15  which refer to the protection of the rights of "physically
16  disabled persons."  Plaintiff visited the public facilities
17  owned and operated by Defendants for the purpose of availing
18  himself of the goods and services offered and provided by
19  Defendants and/or for the purpose of obtaining removal of
20  architectural barriers and/or modification of policies,
21  practices and procedures to provide accessibility to people
22  with disabilities.  Plaintiff was injured in fact, as set forth
23  more specifically herein.

24      13.  Plaintiff alleges that Defendants will continue to
25  operate public accommodations which are inaccessible to him and
26  to other individuals with disabilities.  Pursuant to 42 USC
27  §12188(a), Defendants are required to remove architectural
28  barriers to their existing facilities.

14.  Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate Plaintiff for the amount of harm suffered as a result of exclusion from participation in the economic and social life of this state.

15.  Plaintiff believes that architectural barriers precluding Plaintiff full and equal access of the public accommodation will continue to exist at Plaintiff's future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff cannot make use of and obtain full and equal access to the facilities, goods and/or services offered by Defendants to the general public.  Plaintiff seeks damages for each offense relating to each of Plaintiff's visits to the subject property when Plaintiff was denied full and equal access to the subject property or was deterred from attempting to avail himself of the benefits, goods, services, privileges and advantages of the place of public accommodation at the subject property because of continuing barriers to full and equal access.

**IV.**

**FIRST CLAIM FOR**
**VIOLATION OF AMERICAN WITH DISABILITIES ACT**
**42 USC §12101, et seq.**

16.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though set forth fully herein.

17.  Plaintiff was denied full and equal access to

1  Defendants' goods, services, facilities, privileges,

2  advantages, or accommodations within a public accommodation

3  owned, leased and/or operated by Defendants, in violation of 42

4  USC §12182(a).  Plaintiff was, therefore, subjected to

5  discrimination and is entitled to injunctive relief pursuant to

6  42 USC §12188 as a result of the actions or inaction of

7  Defendants.

8       18.   Among other remedies, Plaintiff seeks an injunctive

9  order requiring compliance with state and federal access laws

10  for all access violations which exist at the property,

11  requiring removal of architectural barriers and other relief as

12  the court may deem proper.  Plaintiff also seeks any other

13  order that will redress the discrimination to which he has been

14  subjected, is being subjected and/or will be subjected.

15                              V.

16                       **SECOND CLAIM FOR**
   **VIOLATION OF CALIFORNIA CIVIL CODE**
17

18       19.   Plaintiff re-alleges and incorporates by reference

19  each and every allegation contained in paragraphs 1 through 18,

20  inclusive, as though set forth fully herein.

21       20.   Based on the facts plead hereinabove and elsewhere in

22  this complaint, Defendants did, and continue to, discriminate

23  against Plaintiff and persons similarly situated by denying

24  disabled persons full and equal access to and enjoyment of the

25  subject facilities and of Defendants' goods, services,

26  facilities, privileges, advantages or accommodations within a

27  public accommodation, in violation of California Civil Code

28  §§51, et seq., 52, et seq., and 54, et seq.

21.   Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code §§51, et seq., 52, et seq., and 54, et seq. and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards.   In addition, Plaintiff is entitled to damages under California Civil Code §54.3 for each offense.   The amount of damages suffered by Plaintiff is not yet determined.   When the amount is ascertained, Plaintiff will ask the Court for leave to amend this complaint to reflect this amount.   Plaintiff is also entitled to and requests attorneys' fees and costs.

22.   The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§51, et seq. and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards.   In addition, Plaintiff is entitled to damages under California Civil Code §52 for each offense.   The amount of damages suffered by Plaintiff is not yet determined.   When the amount is ascertained, Plaintiff will ask the Court for leave to amend this complaint to reflect this amount.

23.   Plaintiff seeks all of the relief available to him under Civil Code §§51, 52 et seq., 54, 54.1, 54.2, 54.3, and any other Civil Code Sections which provide relief for the discrimination suffered by Plaintiff, including damages and attorneys fees.

///

///

///

## VI.

### THIRD CLAIM FOR
### VIOLATION OF HEALTH AND
### SAFETY CODE §19950, ET SEQ.

24.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though set forth fully herein.

25.  Defendants' facilities are public accommodations within the meaning of Health and Safety Code §19950, et seq., and Plaintiff is informed and believes and thereon alleges that Defendants have newly built or altered the subject property and/or the subject facility since 1971 within the meaning of California Health and Safety Code §19959.  The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of the Defendants' facilities by people with disabilities.

26.  Defendants' failure to fulfill their duties to provide full and equal access to their facilities by people with disabilities has caused Plaintiff to suffer deprivation of Plaintiff's civil rights, as well as other injuries.

27.  As a result of Defendants' violations of Health and Safety Code §§19955, et seq., described herein, Plaintiff is entitled to and requests injunctive relief pursuant to Health and Safety Code §§19953, and to reasonable attorney's fees and costs.

## VII.

### FOURTH CLAIM FOR DECLARATORY RELIEF

28.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27,

1  inclusive, as though set forth fully herein.

2      29.  An actual controversy now exists in that Plaintiff is
3  informed and believes and thereon alleges that Defendants'
4  premises are in violation of the disabled access laws of the
5  State of California including, but not limited to, Civil Code
6  §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety
7  Code §§19950, et seq., Government Code §§4450, et seq. and
8  7250, et seq., Title 24 of the California Code of Regulations,
9  and/or Title III of the Americans with Disabilities Act and its
10 implementing Accessibility Regulations.

11     30.  A declaratory judgment is necessary and appropriate at
12 this time so that each of the parties may know their respective
13 rights and duties and act accordingly.

14                           **VIII.**

15             **FIFTH CLAIM FOR INJUNCTIVE RELIEF**

16     31.  Plaintiff re-alleges and incorporates by reference
17 each and every allegation contained in paragraphs 1 through 30,
18 inclusive, as though set forth fully herein.

19     32.  Plaintiff will suffer irreparable harm unless
20 Defendants are ordered to remove architectural barriers at
21 Defendants' public accommodation, and/or to modify their
22 policies and practices regarding accommodating people with
23 disabilities.  Plaintiff has no adequate remedy at law to
24 redress the discriminatory conduct of Defendants.

25     33.  Plaintiff seeks injunctive relief to redress
26 Plaintiff's injuries.

27 ///

28 ///

## IX.

## <u>JURY DEMAND</u>

34.  Pursuant to Rule 38 of the Federal Rules of Civil
Procedure, Plaintiffs hereby request a jury trial.

WHEREFORE, Plaintiff prays for judgment against the
Defendants, THE AUTO CENTER, CARLTON SELL, LLC and DOES 1
through 10, as follows:

1.  For injunctive relief, compelling Defendants to comply
    with the Americans with Disabilities Act, the Unruh
    Civil Rights Act and the Disabled Persons Act. Note:
    the plaintiff is not invoking section 55 of the
    California Civil Code and is not seeking injunctive
    relief under that section;

2.  That the Court declare the respective rights and
    duties of Plaintiff and Defendants as to the removal
    of architectural barriers at Defendants' public
    accommodations;

3.  An order awarding Plaintiff actual, special and/or
    statutory damages for violation of his civil rights
    and for restitution including, but not limited to,
    damages pursuant to the applicable Civil Code Sections
    including, but not limited to, §§52 and 54.3 for each
    and every offense of Civil Code §§51 and 54;

4.  An award of compensatory damages according to proof;

5.  An award of up to three times the amount of
    actual damages pursuant to the Unruh Civil
    Rights Act and the Disabled Persons Act; and

6.  An order awarding Plaintiff reasonable attorneys' fees

11

and costs;

7.    Such other and further relief as the Court deems
      proper.

DATED:    12/19/07

LAW OFFICES OF AMY B. VANDEVELD

AMY B. VANDEVELD,
Attorney for Plaintiff

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145784    — SR**
**\* \* C O P Y \* \***
**December 20, 2007**
**16:26:45**

**Civ Fil Non—Pris**
USAO #.: 07CV2395 CIV. FIL.
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC#3316

**Total—> $350.00**

FROM: SPIKES V. THE AUTO CENTER, ET
      CIVIL FILING

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KAREL SPIKES, | THE AUTO CENTER, CARLTON SELL, LLC and DOES 1 THROUGH 10, Inclusive, |

'07 CV 2395 LAB AJB
07 DEC 20 PM 4:22
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF          San Diego | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT          San Diego |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Amy B. Vandeveld, Esq. LAW OFFICES OF AMY B. VANDEVELD 1850 Fifth Avenue, Suite 22 San Diego, CA 92101    (619) 231-8883 | |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- XX 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. Sections 12101-12111, 11281-12184 and 12201 et. seq.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | **SOCIAL SECURITY** | 810 Selective Service |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 540 Mandamus & Other | | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- XX 1 Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ To be determined at trial | Check YES only if demanded in complaint: JURY DEMAND: XX YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | Docket Number |
|---|---|---|

| DATE  12/19/07 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

# 145789
12/20/07    # 350.

ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)